IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **98-447 - DRH** |
| ) | |
| ROBERT HUGHES, DEREK CLELAND, ) | |
| JAMES BEST, PAUL BAUGH, ) | |
| RONALD WILLIAMS, ) | |
| PAUL HENDERSON, PERRY SEVERS, ) | |
| and BRYCE HILL, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Plaintiff's Motion for Partial Summary Judgment **(Doc. 184).** Plaintiff filed a memorandum in support. **(Doc. 185)**. Defendants filed a response in opposition. **(Doc. 187)**.

### Nature of Plaintiff's Claim

Plaintiff, a prisoner in the custody of the Illinois Department of Corrections, brings this suit under **42 U.S.C. §1983**. This case has a somewhat complicated procedural history. In relevant part, plaintiff filed an amended complaint which named more than fifty defendants. **See, Doc. 61.** Various motions were filed, and the Court ultimately dismissed or granted summary judgment on all claims, with the exception of a claim against one defendant, who was in default. **See, Doc. 154.** Plaintiff appealed, and the Seventh Circuit affirmed except as to summary judgment on Count 13. Count 13 was remanded for further proceedings. The mandate

-1-

was received by this Court on November 2, 2005.  **See, Doc. 173.**

The Seventh Circuit held that plaintiff exhausted administrative remedies as to his claim concerning an alleged attack at Menard in 1998.  Thus, the only claim now pending is that, on May 5, 1998, defendants Hughes, Cleland, Best, Baugh, Williams, Henderson, and Severs attacked him, and Bryce Hill watched the attack.  This claim is set forth in count 13 of the amended complaint, **Doc. 61.**

Plaintiff argues that he is entitled to judgment because defendants have waived any defense to his amended complaint by filing a motion which raised only failure to exhaust. He reasons that, when that defense proved unfounded, defendants are stuck in the position of having admitted the allegations of his amended complaint.

## Analysis

The Court first notes that plaintiff's motion refers to counts 13 and 14 as pending.  Count 14 alleges that defendant Golliher threw away some legal papers.  That count is *not* now pending.  The Seventh Circuit's opinion was explicit; it remanded only the claim that plaintiff was attacked at Menard in 1998.  Thus, only count 13 is pending.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).**

Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. **Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996).**

Even in the absence of a dispute as to the material facts, the moving party must demonstrate that it is entitled to judgment as a matter of law. "Thus, even where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.' [internal citations omitted]" **Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. **Duncan v.Duckworth, 644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

With leave of court, defendants filed their answer on December 22, 2005. **(Doc. 181)**. They deny certain of plaintiff's allegations, and assert the affirmative defenses of qualified immunity and official immunity.

Plaintiff's motion was mailed before he received defendants' answer.

Plaintiff's position is based on a faulty reading of Fed.R.Civ.P 12. He argues that Rule 12(g) provides that defenses omitted from a Rule 12 motion are waived if not asserted in the motion. He is partially correct; some defenses are waived, but others are not.

Rule 12(g) states "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party *which this rule permits to be raised by motion*, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." [emphasis added]. The defenses which may be raised by motion are listed in Rule 12(b); they are lack of

jurisdiction, venue, insufficiency of process or service, failure to state a claim, and failure to join an indispensable party.  Rule 12(h)(2) provides that the defenses of failure to state a claim and failure to join an indispensable party are not waived.

Defendants are not here attempting to assert any defense that was waived by failure to include it in their initial motion for summary judgment.  Defendants are not prevented from denying plaintiff's factual allegations because their assertion of failure to exhaust was unsuccessful.  Plaintiff suggests that the filing of the motion raising failure to exhaust somehow acts as an admission of the truth of his factual allegations, but there is no support for such an argument.

Because there are disputed issues of material fact, and because plaintiff has not demonstrated that he is entitled to judgment as a matter of law, his motion should be denied.

### Recommendation

This Court recommends that Plaintiff's Motion for Partial Summary Judgment  **(Doc. 184)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **August 3, 2006.**

**Submitted:  July 17, 2006.**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**