IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM CANNON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **98-447 - DRH** |
| | ) | |
| **ROBERT HUGHES, DEREK CLELAND,** | ) | |
| **JAMES BEST, PAUL BAUGH,** | ) | |
| **RONALD WILLIAMS,** | ) | |
| **PAUL HENDERSON**, **PERRY SEVERS,** | ) | |
| and **BRYCE HILL,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Motion for Summary Judgment **(Doc. 193).** Defendants served the notice required by ***Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)**. **(Doc. 195).** Plaintiff filed a response. **(Doc. 196).**

### Nature of Plaintiff's Claim

Plaintiff, a prisoner in the custody of the Illinois Department of Corrections, brings this suit under **42 U.S.C. §1983**. This case has a somewhat complicated procedural history. In relevant part, plaintiff filed an amended complaint which named more than fifty defendants. **See, Doc. 61.** Various motions were filed, and the Court ultimately dismissed or granted summary judgment on all claims, with the exception of a claim against one defendant, who was in default. **See, Doc. 154.** Plaintiff appealed, and the Seventh Circuit affirmed except as to summary judgment on Count 13. Count 13 was remanded for further proceedings. The mandate

1

was received by this Court on November 2, 2005.  **See, Doc. 173.**

The Seventh Circuit held that plaintiff exhausted administrative remedies as to his claim concerning an alleged attack at Menard in 1998, and remanded for further proceedings as to that claim only.  Thus, the only claim now pending is that, on May 5, 1998, defendants Hughes, Cleland, Best, Baugh, Williams, Henderson, and Severs attacked him, and Bryce Hill watched the attack.  This claim is set forth in count 13 of the amended complaint, **Doc. 61.**

The Court notes that the last sentence of Count 13 states that this count incorporates "the fact that Menard Correctional Center Health Care Unit failed to properly examine him (plaintiff) to see if he suffered serious head injuries."  **Doc. 61, p. 41.**  However, the Seventh Circuit did not interpret Count 13 as stating a claim for deliberate indifference to plaintiff's serious medical needs, and did not hold that plaintiff had exhausted administrative remedies as to any such claim.  Therefore, no such claim is pending in this Court.

## Grounds for Motion

Defendants set forth a number of facts which they claim are undisputed, and assert that they are entitled to summary judgment because the application of force was warranted and they used only such force as was needed to subdue plaintiff and maintain order.  They also argue that plaintiff suffered only a *de minimus* injury, and that they are entitled to qualified immunity.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party.

2

See, **Anderson v. Liberty Lobby, Inc.**, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  **Johnson v. City of Fort Wayne**, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage.  Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," **Anderson**, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, **475 U.S. 574, 586 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." **Anderson**, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. **Anderson**, **477 U.S. at 248; see also, JPM Inc. v. John Deere Industrial Equipment Company**, **94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  **Clifton v. Schafer**, **969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  **Duncan v. Duckworth**, **644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

Summary judgment is precluded here because there are genuine issues as to the material facts.  Plaintiff disputes a number of the facts claimed by defendants to be undisputed.

Plaintiff alleges that defendants used excessive force on him at Menard Correctional

Center on May 5, 1998.  The parties agree that, on that date, defendants were attempting to place plaintiff into a cell with an inmate named Barnes.  Plaintiff had previously been single-celled, and he states in his response that he has a long-standing fear of being double-celled.  The parties disagree about almost every other material fact.

Defendants claim that "plaintiff assaulted Barnes, then attempted to flee the cell."  Defendants then "restrained" plaintiff and transported him to the healthcare unit.  **Doc. 193, p. 2.**  The motion is supported by incident reports prepared by various IDOC employees, defendants' own affidavits, part of the transcript of plaintiff's deposition, and a few pages of plaintiff's medical records.  Each of defendants' affidavits is identical.  Each affidavit states that Cannon attacked Barnes and staff, and he was then restrained and taken to the healthcare unit.

Defendants' own exhibits contradict each other and serve to demonstrate that there is a dispute as to the facts.  Defendants filed part of plaintiff's deposition, but plaintiff's testimony contradicts defendants' affidavits and the incident reports.  Plaintiff denies that he attacked Barnes.  In his deposition, he does admit that he ran out of the cell door and that he thought he "bumped" Barnes on his way out.  He testified that his intention was to make "enough of a commotion so they would forget all about putting me in the cell with this guy."  **Doc. 193, Ex. C., p.13.**

In addition to the fact that defendants' exhibits contradict each other, the exhibits do not in any way establish that the force used by defendants was not excessive under the circumstances. Defendants admit that they restrained Cannon.  Cannon testified that defendants grabbed him, threw him down, and beat him.  He also claims that they  "slung" him to the floor and intentionally hit his head on the steel door.  **Doc. 193, Ex. C., pp. 11-13.**

Because there is obviously a dispute as to what type of force was used and whether the force was excessive under the circumstances, defendants' first point must be denied.

4

There is also a dispute as to the extent of the injury suffered by plaintiff.  The partial medical record filed by defendants indicates that plaintiff had a two inch gaping laceration above his left eye.  The record also indicates that plaintiff told the doctor that he had lost consciousness.  **Doc. 193, Ex. D**.  In his response, plaintiff claims that, in addition to the laceration, the "lining of the wall of his right eye is torn," he has a black spot in his vision, and he suffers from black outs, all of which he attributes to the blows to his head allegedly administered by defendants.  **See, Doc. 196. P. 10.**

Lastly, is obvious that defendants' claim of qualified immunity has not been substantiated on this record.  It was well-established in 1998 that the intentional use of excessive force by prison guards against an inmate without penological justification violates the Eighth Amendment.  **See,** *Hudson v. McMillian*, **503 U.S. 1, 6-7 (1992)**.  There is a dispute as to exactly what happened on May 5, 1998.  These factual disputes preclude summary judgment.

## Recommendation

This Court recommends that Defendants' Motion for Summary Judgment  **(Doc. 193)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **August 4, 2006.**

Submitted:  July 18, 2006.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
