IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM CANNON, #A-11015,**

**Plaintiff,**

**v.**

**ROBERT HUGHES, et al.,**

**Defendants.**                                                    **No. 98-CV-447-DRH**

**ORDER**

**HERNDON, District Judge:**

### I. Introduction

Plaintiff William Canon ("Plaintiff"), a prisoner in the custody of the Illinois Department of Corrections, filed an amended complaint (Doc. 61) pursuant to **42 U.S.C. § 1983**, alleging that Defendants used excessive force on him. The Court ultimately dismissed or granted summary judgment on all claims, with the exception of a claim against one defendant, who was in default. Plaintiff appealed, and the Seventh Circuit affirmed except as to summary judgment on Count 13. Count 13 was remanded for further proceedings. Specifically, Count 13 alleges that on May 5, 1998, Defendants Hughes, Cleland, Best, Baugh, Williams, Henderson, and Severs attacked Plaintiff, while Bryce Hill watched the attack. On December 27, 2005, Plaintiff filed a motion for partial summary judgment. (Doc. 184.) Defendants filed a response opposing the motion (Doc. 187) and Plaintiff submitted a reply (Doc. 190).

## II. Analysis

This matter comes before the Court on a Report and Recommendation ("Report") filed by Magistrate Judge Clifford J. Proud on July 17, 2006 pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**. (Doc. 199.) The Report concerns the motion for partial summary judgment filed by Plaintiff. (Doc. 184.) Judge Proud notes in the Report that Plaintiff's motion refers to Counts 13 and 14 as pending. Judge Proud explains that the Seventh Circuit remanded only Count 13, which involves the claim that Plaintiff was attacked at Menard in 1998. Count 13 is the only claim pending before the Court. Judge Proud recommends that the Plaintiff's motion for partial summary judgment (Doc. 184) be denied (Doc. 199). Plaintiff filed a timely objection to the Report (Doc. 202). Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id***.

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; ***Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing ***Celotex Corp. v.***

*Catrett*, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)** (citing ***Celotex*, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**). In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a

motion for summary judgment." ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997).** Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

Plaintiff's motion for partial summary judgment was filed on December 27, 2005. (Doc. 184.) In the motion, Plaintiff argues that Defendants failed to submit an answer to Plaintiff's amended complaint, except for an affirmative defense that Plaintiff failed to exhaust administrative remedies. (Doc. 184, p. 1-2.) Plaintiff's memorandum of law in support of his motion argues that Defendants had essentially admitted to the allegations in Plaintiff's amended complaint because the Seventh Circuit held that Plaintiff had, in fact, exhausted his administrative remedies as to Count 13 and the Defendants had never proffered any other denials or defenses, (Doc. 185, p. 5-6.)

On December 22, 2005 Defendants filed a motion for leave to file answer instanter. (Doc. 179.) In the motion, Defendants noted that a formal answer had never been submitted to Plaintiff's amended complaint and, therefore, they were requesting leave to file their answer to Count 13 of Plaintiff's amended complaint, Defendants' motion was granted (Doc. 180) and Defendants filed an answer and affirmative defenses on that same day, December 22, 2005 (Doc. 181). Defendants denied certain of Plaintiff's allegations and asserted the affirmative defenses of qualified immunity and official immunity. (Doc. 181.)

Plaintiff argues that **Fed. R. Civ. P. 12(g)** provides that defenses omitted from a Rule 12 motion are waived if not asserted in the motion. This is true, but only with regard to certain motions. **Rule 12(g)** states, "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except as provided in subdivision (h)(2) hereof on any of the grounds there stated."[1] **Rule 12(g)** does not prevent Defendants from raising affirmative defenses such as qualified immunity or official immunity.

Furthermore, **Fed. R. Civ. P. 8(c),** the rule pertaining to affirmative defenses, merely requires that a party set forth affirmative defenses in the pleading to a preceding pleading, which in this case would be Defendants' answer. The Court notes that the Defendants' answer to Plaintiff's amended complaint was submitted nearly five years after Plaintiff's amended complaint. However, Defendants properly requested (Doc. 179) and were granted (Doc. 180) leave to file an answer. Although Defendants' answer was neglectfully late, the denials and affirmative defenses contained therein are proper pursuant to **Rule 8(b) and (c)**. The denials and affirmative defenses addressed in Defendants' answer raise disputed issues regarding

---

[1] The defenses which may be raised by motion are listed in **Rule 12(b)**: lack of subject matter or personal jurisdiction, improper venue, insufficiency of process or service, failure to state a claim, and failure to join an indispensable party. **Rule 12(h)(2)** provides that the defenses of failure to state a claim, failure to join an indispensable party are not waived and may be raised later by motion. **Rule 12(h)(3)** provides that the court shall dismiss any action at any time if it lacks subject matter jurisdiction. All other motions that **Rule 12(b)** addresses are waived unless raised in accordance with **Rule 12(h)(1)**.

material facts. Summary judgment is not proper in a case where there are genuine issues as to material facts.  Therefore, Plaintiff's motion for partial summary judgment should be denied.

### III.  Conclusion

Therefore, for the reasons set forth above the Court **ADOPTS** Judge Proud's Report (Doc. 199) and **DENIES** Plaintiff's motion for partial summary judgment (Doc. 184).

**IT IS SO ORDERED.**

Signed this 18th day of September, 2005.


/s/        David   RHerndon
**United States District Judge**