IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM CANNON, #A-11015,**

**Plaintiff,**

**v.**

**ROBERT HUGHES, et al.,**

**Defendants.**                                                  **No. 98-CV-447-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Plaintiff William Canon ("Plaintiff"), an inmate in the custody of the Illinois Department of Corrections, filed an amended complaint (Doc. 61) alleging that Defendants used excessive force on him at Menard Correctional Center. The Court ultimately dismissed or granted summary judgment on all claims, with the exception of a claim against one defendant, who was in default. Plaintiff appealed, and the Seventh Circuit affirmed except as to summary judgment on Count 13. Count 13 was remanded for further proceedings. On August 14, 2006, Plaintiff filed a motion for relief from judgment. (Doc. 204.) Plaintiff's motion seeks relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)** from the following orders entered by this Court: July 11, 2002 Order (Doc. 106), December 3, 2002 Order (Doc. 141), June 3, 2003 Order (Doc. 154), June 12, 2003 Order (Doc. 157), July

22, 2003 Order (Doc. 161); and the Seventh Circuit decision of August 10, 2005. Defendants T. Kelly, Nurse Swink and Linda Wofford filed a response in opposition, which also contained a motion requesting the Court to either strike or deny Plaintiff's motion. (Doc. 206.) For the following reasons, the Court **DENIES** Plaintiff's motion (Doc. 204) and **MOOTS** Defendants' motion to strike Plaintiff's motion (Doc. 206).

## II. Analysis

Motions to reconsider "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922). *See also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

**RULE 60(b)** authorizes a district court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

**FED. R. CIV. P. 60(b).**

Plaintiff's motion fails on several grounds. First, Plaintiff's motion is untimely. Plaintiff alleges that "the District Court and the Court of Appeals, by mistake or inadvertence failed to allow the established law to prevail." (Doc. 204, p. 6.) Motions for relief from judgment based on mistake or inadvertence must be made within a year after the order was entered. Plaintiff is requesting relief from orders that were entered over four years ago. Plaintiff's motion, therefore, is denied as untimely.

In addition, even if Plaintiff's motion was not untimely, the motion merely takes umbrage with the Court's rulings, rehashes old arguments, and makes new arguments that should have been raised previously. The Court remains convinced of the correctness of its position. Thus, the Court rejects Plaintiff's request for **RULE 60(b)** relief. As a final note, Plaintiff has already appealed this Court's orders to the Seventh Circuit, which affirmed this Court's decisions, except on one count. Procedurally speaking, this Court may not reconsider orders that have been appealed and affirmed by the Seventh Circuit.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for relief from judgment (Doc. 204). Having denied Plaintiff's motion, the Court **FINDS AS MOOT** Defendants' motion to strike Plaintiff's motion (Doc. 206).

**IT IS SO ORDERED.**

Signed this 16th day of March, 2007.

/s/      David   RHerndon
**United States District Judge**
