IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM CANNON, #A-11015,**

**Plaintiff,**

**v.**

**ROBERT HUGHES, et al.,**

**Defendants.**                                              **No. 98-CV-447-DRH**

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

       Trial in this matter is currently set for June 9, 2008. Now before the Court are three pending motions: Defendants' motion for leave to file amended answer (Doc. 244), Plaintiff's objection and motion to strike Defendant's motion for leave to file amended answer (Doc. 255), Defendants' motion for leave to file amended final pre-trial order (Doc. 245),[1] and Defendants' motion to clarify issues

---

[1] Defendants filed their motion for leave to file amended answer (Doc. 244) on November 16, 2007, three days prior to the Final Pre-Trial Conference (FPTC) and just over two weeks prior to the trial date at that time. In an Order dated November 20, 2007, the Court appointed counsel to represent Plaintiff. (Doc. 247.) On December 5, Plaintiff Cannon, who has up until this point been *pro se*, filed an objection and motion to strike Defendants' motion for leave to file amended answer. (Doc. 255.) On January 24, 2008, Plaintiff's newly-appointed counsel was granted leave to file a response to Defendant's motion for leave to file amended answer. Defendants correctly note that *pro se* filings from represented parties should be stricken by the Court. Based on the Court's determination below to deny Defendant's motion for leave to file amended answer, the

for trial. Each motion is considered below.

## II. BACKGROUND

It is important for the Court to review the procedural history of this case in order to provide the necessary context in which the motions pending before it arise. On June 12, 1998, Plaintiff William Canon ("Plaintiff"), a prisoner in the custody of the Illinois Department of Corrections, filed a complaint (Doc. 1) pursuant to **42 U.S.C. § 1983** alleging that prison guards severely beat Plaintiff. The first incident allegedly occurred on June 13, 1996. At that time, the Illinois Department of Corrections required that inmates file all grievances within 6 months of the incident. Plaintiff maintains that he placed his grievance regarding the June 13, 1996 incident in the prison mail system on December 13, 1996, but that it was returned on December 14, 1996 for insufficient postage. Plaintiff further maintains that he resent the grievance immediately. The Administrative Review Board ("ARB") received the grievance on December 23, 1996, but denied it as untimely. The ARB informed Plaintiff that it might reconsider the grievance if Plaintiff submitted a copy of the original grievance and a new grievance explaining the delay. Plaintiff failed to follow these directions and instead wrote to the Director of the Department of Corrections. The ARB denied Plaintiff's request for reconsideration because he did not follow its instructions. As stated above, Plaintiff initially filed suit in June 1998 alleging claims related only to the June 1996 incidents.

---

Court finds that Plaintiff's motion to strike Defendant's motion is **MOOT**. (Doc. 255.)

On or about May 5, 1998, just prior to filing his Complaint, Plaintiff alleges that he was again attacked by several guards who were unhappy that he was filing a lawsuit regarding the June 1996 incident. Plaintiff filed a timely grievance regarding this alleged incident, but it was denied on the merits. In March 2001 the Court granted Plaintiff leave to amend his complaint to add several claims and defendants related to the May 1998 events.

In June of 2003, the Court dismissed or granted summary judgment on all claims, with the exception of a claim against one defendant, who was in default. Plaintiff appealed, and on August 10, 2005 the Seventh Circuit affirmed except as to summary judgment on Counts 13 and 14,[2] which were remanded for further proceedings. The Seventh Circuit found that Plaintiff had exhausted all of his administrative remedies with respect to the May 1998 events and that those claims should proceed, even though Plaintiff failed to exhaust his administrative remedies with respect to the June 1996 claims, which the Seventh Circuit held were properly dismissed. On December 22, 2005 - over seven years after the original Complaint was filed - Defendants filed a motion for leave to file an answer *instanter*. (Doc. 179.) Leave was granted and Defendants filed their first answer in this case. (Doc. 181.) The answer asserted two affirmative defenses: "1. At all relevant times, Defendants acted in good faith performance of their official duties and without violating Plaintiff's

---

[2] Until recently, the Court mistakenly believed that only Count 13 remained. However, it has now come to the Court's attention that Count 14 also remains. This issue is discussed in more detail in the next section.

clearly established constitutional rights.  Therefore, Defendants are protected from suit by the doctrine of qualified immunity. 2. The eleventh amendment bars Plaintiff's action against Defendants in their official capacity."  The answer contained no mention of the statute of limitations.

### III. ANALYSIS

**A. Motion to File Amended Answer**

On November 16, 2007, just over two weeks before trial was set to begin in this case and six and a half years since the amended complaint was filed, Defendants filed a motion for leave to file an amended answer to add the affirmative defense of the statute of limitations.  (Doc. 244.)

**FEDERAL RULE OF CIVIL PROCEDURE 8(c)** requires a defendant to plead a statute of limitations defense and any other affirmative defense in its answer to the complaint. **See FED. R. CIV. P. 8(c)**.  On the other hand, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially. **See FED. R. CIV. P. 15(a)**.  **RULE 15(a)** states that "leave shall be freely given when justice so requires." **See id.**

The Illinois two-year statute of limitations for personal injury actions applies to § 1983 claims. **See Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001)**.  Defendants now argue that the claims filed by Plaintiff in his amended complaint do not relate back to the original complaint and were filed outside of the two-year statute of limitations for **§ 1983** claims.  The Court, however, need not

determine whether, in fact, the statute of limitations defense applies in this case because the Court finds that justice does not require allowing the Defendants to amend their answer to add this defense at this very late stage.

The Seventh Circuit has held:

> Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense. A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense. The appropriate thing for the defendant to do, of course, is to promptly seek the court's leave to amend his answer. His failure to do risks a finding that he has waived the defense.

***Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997) (internal citation omitted)**. Although Defendants are in fact seeking to amend their answer now, they offer no explanation as to why the statute of limitations defense was not raised any time in the 6 ½ years since the amended complaint was filed. As a matter of equity, it strikes the Court that it would be unfair to allow Defendants to amend their answer to include the statute of limitations defense now. As Defendants even point out, the dates and deadlines relevant to the statute of limitations were clear from the beginning. Extensive discovery should not have been necessary for Defendants to notice the statute of limitations issue. Up to this point, the Court has not granted Plaintiff any leeway regarding following the rules. Plaintiff's claims relating to the 1996 incidents were dismissed because Plaintiff failed to file a timely grievance with the ARB. In addition, Plaintiff's initial motion for leave to file an amended complaint, which was filed on June 14, 2000 (arguably within the statute of limitations) was initially denied in part because Plaintiff failed to follow the

requirement that amended portions of an amended pleading must be underlined. It seems unreasonable and unjust to hold Defendants to a different standard. Therefore, Defendants motion to amend the complaint is **DENIED**. (Doc. 244.) In addition, as discussed in footnote 1 above, the Court **FINDS AS MOOT** Plaintiff's motion to strike Defendant's motion for leave to file amended answer. (Doc. 255.)

**B. Motion to Amend Final Pre-Trial**

Defendants seek leave to amend the final pretrial order for two reasons. First, Defendants request that the final pretrial order be amended to include the statute of limitations issue. Since Defendants' motion for leave to amend the answer to add the affirmative defense of the statute of limitations has been denied, Defendants may not raise this issue at trial. The Court, therefore, denies Defendants' motion for leave to add the statute of limitation as an issue of law.

Defendants also seek leave to add as witnesses Dr. James Hawk and the records custodians of Pontiac and Menard Correctional Centers. Plaintiff has not objected to this request. Accordingly, the Court grants Defendants leave to add these witnesses to the final pretrial order.

In addition, the Court directs Defendants, in consultation with Plaintiff's attorney, to amend the final pretrial order to reflect the claim contained in Count 14 of Plaintiff's amended complaint. As discussed at the FPTC, the Court believes that the mandate from the Seventh Circuit indicates that this claim should not have been dismissed. As Defendants concede in their motion to clarify issues for trial (Doc.

263), Plaintiff exhausted all of his administrative remedies as to Count 14. Although the Seventh Circuit did not explicitly address Count 14, the reasoning it used to remand Count 13 is applicable to Count 14, as well. At the FPTC on November 16, 2007 - nearly six months ago - the Court advised Defendants that they should review the matter and let the Court know if they disagreed with this assessment. Until two days ago, the Court had not received any motions or briefs addressing this issue; hence, the Court assumed that Defendants agreed that Count 14 should proceed. Now, at the eleventh hour, Defendants have filed what is essentially a motion to dismiss. There is insufficient time to address this matter now before trial. Defendants' motion to clarify issues, therefore, is **MOOT**. (Doc. 263.) The parties are directed to amend the final pre-trial order to add Count 14 and any issues of fact or law that pertain to it.

### III. CONCLUSION

In conclusion, the Court **DENIES** Defendants' motion for leave to amend its answer (Doc, 244), **FINDS AS MOOT** Plaintiff's objection and motion to strike Defendants' motion for leave to amend (Doc. 255) and Defendants' motion to clarify issues (Doc. 263), and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for leave to file amended final pretrial order (Doc. 245). Defendants are directed to amend the final pretrial order in consultation with Plaintiff, obtain the necessary signatures, and email the final pretrial order as a wordperfect document to DRHpd@ilsd,uscourts.gov. The parties shall submit the amended final pretrial

order no later than May 19, 2008.

**IT IS SO ORDERED.**

Signed this 8th day of May, 2008.

/s/     David R Herndon

**Chief Judge
United States District Court**